PETER LAPP et al.

v.

WILLIAM H. SMITH et al.

*Opinion filed December 18, 1899.*

DEBTOR AND CREDITOR—*indivisible offer to settle disputed claim must be accepted or rejected in toto.* A tender of a check for a certain sum and notes for the balance claimed by the debtor to be due, as an offer to adjust an unliquidated, disputed account, must be accepted or rejected by the creditor *in toto*, and he cannot keep the check and return the notes and sue for the balance claimed by him to be due after crediting the proceeds of the check.

*Lapp* v. *Smith*, 83 Ill. App. 203, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

The judgment of the superior court of Cook county entered in favor of the appellees, against the appellants, in an action of assumpsit, was affirmed by the Branch Appellate Court for the First District, and this is an appeal from such judgment of affirmance.

The declaration was in the common counts, to which was appended a bill of particulars of items of merchandise alleged to have been sold by the plaintiffs to the defendants at various dates, the sum total, less credits for certain articles returned, being $2246.29. The bill of

| 183 | 179 |
| 94a | 198 |
| 183 | 179 |
| 97a | 457 |
| 97a | 459 |
| 183 | 179 |
| 197 | 136 |
| 183 | 179 |
| 104a | 269 |
| 183 | 179 |
| e204 | 148 |
| 107a | 156 |
| 183 | 179 |
| 215 | 248 |

particulars also acknowledged a credit of $500, leaving the net demand $1746.29. The judgment was for the amount of the claim, less the sum of $50.

It is urged the court erroneously refused to give the following instructions to the jury, as requested by the appellants:

"If the jury believe, from the evidence, that prior to the bringing of this suit by the plaintiffs against the defendants there was an honest dispute between the plaintiffs and the defendants as to the amount due from the defendants to the plaintiffs and whether the same was due, and on or about the 16th of May, 1898, in order to adjust and settle the controversy and the account, the defendants delivered to the plaintiffs a check for $500 and three notes, one for $565.13, payable four months after date, one for $565.14, payable five months after date, and one for $565.14, payable six months after date, said check and notes aggregating the sum of $2195.41, and that said check and notes were delivered to the plaintiffs with the statement and understanding that they were given and should be received in full settlement and payment of said claim of the plaintiffs against the defendants, and the plaintiffs received said check and collected and kept the amount thereof, but refused to accept the notes and returned the same to the defendants, and that the defendants demanded back said $500 unless the plaintiffs should receive the check and notes in full settlement of the account, and the defendants now have said notes in their possession and have tendered the same to the plaintiffs on the trial of this case, then the court instructs you, as a matter of law, that the plaintiffs cannot recover in this action."

"The jury are instructed that if the check for $500 and three notes introduced in evidence were sent to the plaintiffs by the defendants at the same time and as a part of one transaction, as a full settlement of an honestly disputed claim between the plaintiffs and the defendants,

then the plaintiffs, as a matter of law, were not entitled to receive and appropriate the check and collect the amount thereof and return the notes; that a tender of such a kind must be accepted as a whole, or not at all; and if the return of the notes was not acquiesced in by the defendants, but they have been tendered back by the defendants to the plaintiffs and are now ready to be delivered by the defendants to the plaintiffs, then the plaintiffs cannot recover in this action."

The facts which the evidence tended to establish and necessary to be stated in order to determine as to the correctness of these rulings of the trial court are, that appellees were manufacturing jewelers at Attleboro, Mass., and appellants were dealers in jewelry in Chicago; that appellants had for many years been customers of appellees, and had purchased from appellees the articles of jewelry specified in the bill of particulars, but claimed that according to the usage and custom which had long obtained in their dealings with appellees, payment thereof should not be demanded at that time, and also that appellees were indebted to them in the sum of $50 for advertising appellees' goods and business in a catalogue issued by appellants; that appellees insisted their claim was due and payable and that they were not liable upon the said demand of $50 for advertising; that appellants, on the 7th day of May, 1898, wrote appellees as follows: "Enclosed please find check and notes for your statement, also sent herewith, less legitimate deductions. We have done business with you pleasantly a great many years, and hope that the present misunderstanding will not terminate our dealings with you in the future, on a basis which may be mutually agreeable, to be suggested by you. For reference we send you a memorandum of the last three settlements of your account, which, so far as we know, were perfectly satisfactory to you. After a calm scrutiny and verification with your books you will certainly agree that the present settlement is as good, if

not better, than those of the past,"—and enclosed there-with memoranda of the settlements of prior accounts on three separate occasions, and also enclosed a check for $500, and three notes signed by appellants and payable to the order of the appellees, each dated May 16, 1898, one for $565.13, due in four months, the others each for $565.14, due, respectively, in five and six months from date, the aggregate of the check and the three notes being that of the claim of appellees, less the claim of appellants for $50 for advertisement aforesaid; that appellees responded to this letter under date of May 12, 1898, as follows: "Your proposed settlement is not satisfactory to us. Much of your account has run over two years. We have therefore referred the whole matter to the board of trade for adjustment. We will say, in addition, that we shall allow no deductions for catalogue or any other charges, but insist upon an immediate and full settlement;" that appellees sent the check and the notes to their attorney in Chicago, in whose hands prior thereto they had placed the account for collection, and directed him to retain the check and return the notes to appellants; that said attorney notified appellants that appellees refused to accept the proposed settlement, and tendered them the notes, which they refused to receive unless the check was also returned; that the attorney left the notes in appellants' office but refused to surrender the check; that before the suit was instituted the appellants tendered the notes back to appellees' attorney and demanded that he either accept them or return the check, but that he declined to do so and retained the check, collected the same and paid the amount to appellees before the suit was begun, credited the same on the account and instituted the suit for the remainder of the claim; that on the trial the appellants again offered to return the notes and demanded the notes should be received or the check returned, but that appellees declined to do either.

The judgment was for the claim as originally made, less $50 for the advertising charge, and the amount of the check, $500.

FLOWER, SMITH & MUSGRAVE, for appellants.

STRICKLER & KNIGHT, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Though the items of appellees' claim were not disputed, yet a set-off was asserted, and that the demand had become and was a matured liability was denied. The amount of the appellees' claim being in dispute and that it was due being denied, it was an unliquidated demand. (*Ostrander* v. *Scott*, 161 Ill. 339.) The letter written by appellants was an offer to adjust the differences between the parties by the substitution of the check and the three notes for the appellees' claim or demand and in satisfaction thereof. It was so understood by appellees, who replied that such an arrangement was not satisfactory to them. The offer was indivisible, covered the whole claim, was clearly to be accepted as an entirety in satisfaction of the whole claim or rejected as a whole. If accepted it would constitute a bar to a right of action on the demand. (1 Beach on Contracts, secs. 441, 442; *White* v. *Jones*, 38 Ill. 169; *Rayburn* v. *Day*, 27 id. 46.) The check was not tendered as a payment upon the original claim, but it and the notes were offered together for acceptance, as in compliance with a proposed new undertaking and agreement then submitted for acceptance in discharge of the unliquidated and disputed claim. The appellees were called upon to accept the proposition as an entirety as made, or reject it *in toto*. *Ostrander* v. *Scott*, *supra;* 1 Beach on Contracts, secs. 51, 52; *McDaniels* v. *Bank*, 29 Vt. 230; *Fuller* v. *Kemp*, 138 N. Y. 238.

The position of appellees is, that they rejected the proposal and the right of action on their demand remained unimpaired, the appellants being entitled to elect

whether they would institute appropriate action to re-
cover the check, or the amount thereof, or demand a credit
therefor on the original claim. This view seems to have
been accepted by the trial court, and erroneously so, as
we think. The check was tendered on condition it, and
the notes which accompanied it, should be accepted in
satisfaction of the unliquidated disputed claim. The ac-
ceptance and retention of the check involved the accept-
ance of the condition upon which it was offered, and the
law will not permit the appellees to escape that conclu-
sion so long as they retain the check. *Ostrander* v. *Scott,
supra,* exemplifies this doctrine. In that case appellants
enclosed by mail to appellees a check, and in an accom-
panying letter advised them the check was tendered in
settlement of the account in full and should be so accepted
or returned. Appellees (in that case) replied that they
retained the check as a payment in the amount thereof,
and demanded remittance of the balance of such account.
The doctrine of the case is that the legal effect of the act
of retaining the check was an acceptance of the same on
the conditions upon which it was tendered. In *Fuller* v.
*Kemp,* 138 N. Y. 238, which involved the same principle,
it was said: "The tender and the condition could not be
dissevered. The one could not be taken and the other
rejected. The acceptance of the money involved the ac-
ceptance of the condition, and the law will not permit any
other inference to be drawn from the transaction. Under
such circumstances the assent of the creditor to the terms
proposed by the debtor will be implied, and no words of
protest can affect the legal quality of this act." And in
*McDaniels* v. *Bank,* 29 Vt. 230, the court said: "When a
party makes an offer of a certain sum to settle a claim,
when the sum in controversy is open and unliquidated,
and he attaches to his offer the condition that the same,
if taken at all, must be received in full satisfaction of
the claim in dispute, and the party receives the money,
he takes it subject to the condition attached to it, and it

will operate as an accord and satisfaction. * * * The mere act of receiving the money is an agreement to accept the same on the conditions upon which it was offered." The doctrine of these cases is applicable here. The instructions asked the court to declare it to the jury, and we think the court erred in refusing to do so.

The judgment of the Branch Appellate Court and that of the superior court are reversed and the cause remanded.

*Reversed and remanded.*