## Herman Bloomquist v. A. O. Johnson.

1. CONTRACTS—*Lease Under Seal May be Abrogated by Parol Agreement.*—A lease, although under seal, may be abrogated, canceled and surrendered by an executed parol agreement.

2. DEBTOR AND CREDITOR—*A Long Retention of a Check Tends to*

*Show Its Acceptance.*—A long unexplained retention of a check tends to show its acceptance with the conditions upon which it was tendered.

Action for Rent.—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 27, 1903.

WILLIAM R. BURLEIGH, attorney for appellant.

AYERS, RINAKER & AYERS, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant took judgment by confession against appellee, apparently by virtue of a power of attorney connected with a written lease. Appellee afterward obtained leave to plead, the judgment standing meanwhile as security. Subsequently on a trial of the issues before a jury, there was a verdict and judgment in favor of appellee, from which this appeal has been taken.

It is sought to set aside the judgment on the alleged ground that the jury did not properly weigh the evidence. The lease to appellee ran for one year from May 1, 1901, at $35 per month payable in monthly installments in advance. The premises were unfinished when appellee moved in, and it was because of the disturbance caused by the presence of workmen that appellee became dissatisfied. For these reasons appellant waived the May rent, and agreed to accept $25 in full for June. Appellee claims that by verbal agreement with appellant, the latter afterward released him from the obligations of the lease, from and after July 31st. He testifies that July 20th he accepted appellant's proposition to cancel the lease, and thereafter rented a flat elsewhere. Appellant denies having made such an agreement.

The controversy is one of fact between the parties. The jury which saw and heard the witnesses has settled that controversy in favor of appellee and no reason appears why we should interfere. There is ample evidence to justify the finding. It is conceded by both parties that the lease though under seal could be " abrogated, canceled and sur-

rendered by an executed parol agreement." Alschuler v. Schiff, 164 Ill. 298.

Appellee moved out July 31st, at appellant's request, he says, to make way for a new tenant. He left the keys with appellant's wife. He had sent appellant his check, dated July 22d, for $25 to pay the June rent as agreed upon. Upon the check was written what appellee claims is the substance of the previous oral agreement between the parties : "In full for rent to August 1, 1901, and releasing me from lease signed on or about May 1, 1901." The check was returned by appellant the next day, but was subsequently taken back, retained a few weeks by appellant and then again returned to appellee. Its long retention is unexplained, and undoubtedly tends to show an acceptance of the check, and of the conditions upon which it was tendered. Ostrander v. Scott, 161 Ill. 339; Lapp v. Smith, 183 Ill. 179–184.

It is said by appellant's attorney that the giving of the check did not operate as a payment and that the sum it represented is still due appellant and that he is entitled to judgment therefor. It appears that there were and have always been since the check was delivered to appellant, funds in bank to meet it. All that appellant needed to do was to collect it through the ordinary channels. Having accepted the check in lieu of payment, as the evidence tends to show, he could not thereafter recover its amount in a suit on the original lease, unless it appeared the check was not good for its face value. Even though presumed to be taken only as a means to procure payment of the money due on the lease, it should appear that the holder took the usual means to collect it, which he in effect agreed to take when he accepted the check. It is not contended that the check was not good for its amount and honestly drawn and delivered. Heartt v. Rhodes, 66 Ill. 351, cited by appellant's attorneys, is not in point under the facts in this case.

Appellee's attorneys say they still tender appellant this check, which had been returned to them. Had it not been

honestly drawn and tendered to appellant, the latter might be entitled to a judgment for its amount.  He ought not to be put to a further suit to obtain it or the money, notwithstanding that he voluntarily gave it back for the purpose of this suit.  We think it proper, therefore, to require appellee to pay the amount of the check which he concedes to be owing into this court for appellant's use.  When this is done the judgment of the Superior Court will be affirmed.