# Kunz, Marsh & Pendleton, Defendant in Error, v. Louis Ginocchio et al., Plaintiffs in Error.

## Gen. No. 16,207.

ACCORD AND SATISFACTION—*when established.* If there is a dispute between the parties at the time a check is sent in payment of an amount its acceptance under such circumstances constitutes an accord and satisfaction.

Error to the Municipal Court of Chicago; the HON: MANCHA BRUGGEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed with finding of fact. Opinion filed December 22, 1911.

GRIDLEY, CULVER & KING, for plaintiffs in error.

FREDERICK S. BAKER, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

The controversy in this case arose over the purchase by the plaintiffs in error from the defendant in error of a carload of pineapples. The plaintiffs in error, who were the defendants below, and who are hereinafter called the defendants, telegraphed to the defendant in error, which was the plaintiff below, and hereinafter referred to as plaintiff, asking for lowest price on a car of "Indian River Florida" of certain sizes. A price was made of $1.35 for each crate "f. o. b. Stuart, Florida." The car arrived in Chicago on May 27, 1909, and was inspected by the defendants' salesman two days later. The pineapples were claimed to have been found in bad order, whereupon the defendants telegraphed to the plaintiff notifying it of that fact and stating they would sell them on account of the plaintiff. Plaintiff did not reply but sent a representative to inspect the pineapples. Their representative reported that he found 21 per cent. decay in the

carload. On May 24, 1909, the defendants received an invoice from the plaintiff, the total amount of the invoice being $419.85. On June 22nd, following, defendants wrote to plaintiff as follows:

"Enclosed please find N. Y. Exchange No. 196693 for $331.50 to cover invoice pineapples No. 17885. We have deducted $87.50 for shrinkage and 85 cents excess freight charges, as per freight bill enclosed. Car arrived here when weather was very warm and market demoralized with decay of from 25 to 30 per cent. As we are not accustomed to turning down cars in such conditions, and as we believe in protecting shippers at all times, we took same in, for if we had not done so, you would have lost more than half the car. Hope you will appreciate the manner in which we handled this car, we remain."

No reply was made to this letter, but afterwards an attorney for the plaintiff called upon the defendants and presented claim for the balance alleged to be due, namely, $87.50, which the defendants refused to pay. On July 2, 1909, a letter was written by plaintiff to the defendants in which they stated they were still holding defendants' check for $331.50 in abeyance pending payment of the balance due them. Afterwards, and before beginning suit, the check was accepted by plaintiff and paid in the usual course of business.

There was a trial before the court without a jury, and finding and judgment in favor of the plaintiff for $87.50.

We think this judgment should be reversed for two reasons. The goods were purchased on board cars at Stuart, Florida, at a stipulated price. There is no proof in the record that they were in merchantable condition when delivered to the railroad company at that point. An inspection of the fruit in Chicago showed that it was not merchantable when it reached here. This was shown not only by the employes of the

defendant, but also by the testimony of the inspector who examined the fruit at the request of the plaintiff. While it is true the fruit may have been damaged because of delay in transit, we think it was for the plaintiff to show the condition which it was in when shipped. The plaintiff therefore failed to prove its case by a preponderance of the testimony. On the other hand, in our opinion the finding of the court was against the manifest weight or preponderance of the evidence in the particular mentioned.

From the statement of the case already made, it is perfectly apparent that there was a dispute between the parties at the time the check sent in payment of the account was accepted by the plaintiff. It had already written to the defendants that the check was being held in abeyance pending payment of the balance claimed or alleged to be due. The acceptance of the check under such circumstances constituted an accord and satisfaction. Ostrander v. Scott, 161 Ill. 339.

The judgment will be reversed.

*Judgment reversed with finding of fact.*

MR. PRESIDING JUSTICE BALDWIN took no part in the decision of the case.