Sargent Lumber Company, Defendant in Error, v. J. W. Wells Lumber Company, Plaintiff in Error.

Gen. No. 16,401.

ACCORD AND SATISFACTION—*what .essential to establish.* A check accompanying a purported statement will not be deemed as tendered in full settlement of the claims of the creditor, unless a condition is made to the effect that if the check be accepted, it must be in payment of all demands.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 28, 1912.

HARRY A. BIOSSAT, for plaintiff in error.

DENT & JACKSON, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

The Sargent Lumber Company brought suit to recover $150 advanced and $19 expenses on a car of lumber ordered from the J. W. Wells Lumber Company. The lumber having been rejected, the Wells Company voluntarily took charge of it. The Sargent Company requested the return of the $169 advanced, and after eleven months the Wells Company remitted its check for $36.87 with a letter. This suit is for the balance of $132.13, for which judgment was rendered.

It is claimed by the Wells Company, plaintiff in error, that the check for $36.87 was tendered as payment in full and was accepted by the Sargent Company upon that condition, and therefore, under the authority of Ostrander v. Scott, 161 Ill. 339, and other similar cases, this constituted full settlement of the account.

The check was in the usual form, and the letter merely said, ''We herewith enclose you check for $36.87 balance of your credit on car No. 28055 which

we have finally succeeded in getting a settlement on from Maxwell Bros Co. Yours truly, J. W. Wells Lumber Co." With the check was also enclosed what purported to be a statement; but in none of these things is there any condition to the effect that if the check be accepted it must be as payment in full of all demands.

This being true, the plaintiff was entitled to retain the check and to recover for the balance due it.

The judgment is affirmed.

*Affirmed.*