J. L. Bennett, Defendant in Error, v. Carleton Hudson, Plaintiff in Error.

### Gen. No. 17,164.

ACCORD AND SATISFACTION—*acceptance of check where amount due disputed.* Where there is a dispute concerning the amount due for certain services and a check is accepted, across the face of which is a statement that it is payment in full, and letters are sent making the same statement the demand is satisfied though protest is made at the time of acceptance of the check that it is not taken in full satisfaction.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed November 7, 1912. Rehearing denied November 11, 1912.

ARBA N. WATERMAN, for plaintiff in error.

J. L. BENNETT, defendant in error, *pro se.*

MR. JUSTICE FITCH delivered the opinion of the court.

Defendant in error, a court reporter, was employed by plaintiff in error to report the trial of a case in the Circuit Court. Nothing was said at the time of employment as to the price which should be charged or paid. Defendant in error reported the case, transscribed the testimony into 466 typewritten pages, and sent plaintiff in error a bill for $274.80, computed at the rate of fifty cents a page and $10 a day for four days' attendance. On receipt of the bill plaintiff in error, by letter, requested defendant in error to "drop in and

see the writer" about the matter. Bennett did so, and Hudson then claimed the bill was more than he was in the habit of paying for similar work and asked Bennett to make a reduction, telling him that another stenographer did his work for thirty-five cents a page and $5 a day for attendance. Bennett testified "I was a little hot and said, 'Make your own figures at 35 cents a page and $5 a day and send me a check for it.'" Hudson testified that Bennett said, "Well, Hudson, you send me a check for what you think is right." Bennett also testified that not long after he told Hudson over the telephone that he had seen the stenographer referred to, who denied doing any work for Hudson at the rate of thirty-five cents a page, and he would, therefore, withdraw his proposition to accept the reduced amount. A few days later Hudson sent by mail a check to Bennett for $164.50, upon the face of which was written the statement "Hudson v. Riddle, et al., reporting in full." At the same time he wrote Bennett: "The writer is handing you his check herewith for $164.50 in full payment for your services in Hudson v. Riddle, pursuant to the recent conversation had with you. On looking up your bills rendered to Mr. Riddle in the past for services he finds no charge for attendance where the evidence is written up  *  *  * and as this work would be charged against the Riddle estate by the writer, as trustee, he feels that the check here enclosed is in accord with the premises." Bennett received the check and letter, indorsed and deposited the check to his own account, but wrote to Hudson: "Replying to yours of 31st ult. I never agreed to take 35 cents a page without attendance. On your statement that Miss ———— was doing your work for $5 per day and 35 cents a page, I told you to figure it that way and send me a check. Miss ———— tells me she never did any work for you and never made any such offer and never discounted her attendance.  *  *  * I am not disposed to discount anything but the attendance $40, leaving my bill $234.40,

or a balance of $69.90.'' To this letter Hudson replied suggesting that if Bennett was not satisfied with the check he might return it and file his claim against the Riddle estate, but to this Bennett responded: ''I have deposited your check and I don't relish a little bit your suggestion. * * * I expect a check for the balance.'' Upon these facts the cause was submitted to a jury, which returned a verdict in favor of Bennett for $55.02. A motion for new trial was made and overruled, and judgment entered on the verdict, from which judgment the defendant sued out this writ of error.

On the part of the plaintiff in error the rule is invoked that where the amount of a claim is unliquidated, or there is a *bona fide* dispute as to how much is due, the payment of the amount claimed by the debtor to be due, in full settlement, if accepted by the creditor, is a satisfaction of the claim; or as stated in Snow v. Griesheimer, 220 Ill. 106, 110, ''If a check is offered under such circumstances as amount to a condition that it is to be received in full payment of the demand, an acceptance will satisfy the demand, although the creditor protests at the time that it is not all that is due him or that he does not accept it in full satisfaction of his claim. An acceptance in such a case is an acceptance of the condition notwithstanding any protest he may make to the contrary (Ostrander v. Scott, 161 Ill. 339; Lapp v. Smith, 183 Ill. 179; Canton Union Coal Co. v. Parlin & Orendorff Co., 215 Ill. 244; 1 Cyc. 229; 1 Am. & Eng. Ency. of Law (2nd Ed.), 419).'' Defendant in error, while conceding this to be the rule, claims it is inapplicable to the facts in this case because, he says, there was no *bona fide* dispute, and also because the alleged agreement for reduction was obtained by misrepresentation. We are disposed to agree with the contention of counsel for plaintiff in error that this is a proper case for the application of the rule above stated. There was a dispute as to the amount due; the demand was unliquidated; and the check and letter

which were sent clearly show that the check was offered under such circumstances as amount to a condition that it was to be received in full payment of the demand. Hence, the acceptance of the check by defendant in error, although he protested at the time that he would not accept it in full satisfaction of his claim, was nevertheless under the law an acceptance of the condition. Snow v. Griesheimer, *supra.* The defense of accord and satisfaction was, therefore, clearly proved, and the trial court erred in refusing to grant a new trial.

For the reasons indicated, the judgment of the Municipal Court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*