## In re Estate of James A. Cunningham, Deceased. Nathan Bond, Surviving Administrator, Appellant, v. D. A. Smith et al., Appellees.

1. ACCORD AND SATISFACTION—*probate judgment for claim against estate as liquidated demand.* The rules of accord and satisfaction relative to unliquidated demands are applicable to claims against an estate, even though such claims have been settled and liquidated as to amount by their reduction to probate judgments, where, at the time for payment of such claims, long subsequent to their reduction to judgment, a bona fide dispute as to the application of payments thereon exists between the claimants and the administrator.

2. ACCORD AND SATISFACTION—*dispute as to law of application of payments as bona fide dispute.* A bona fide dispute exists between claimants against an estate and the administrator thereof, where the administrator has applied partial payments on the claims to principal only, and not to interest, and has taken receipts from the claimants specifying that such payments are on principal only and has thereafter computed the amount remaining due on such claims on that basis and tendered payment of the amount so found to be due, specifying that such payment is "in full for" the amount due on the claims, and the claimants are thereupon required either to reject such final payment and return the checks to the administrator on their contention that payments should have been applied first to interest and then to principal, or to receive them in full payment; and where they failed to return the checks they must be deemed to have accepted them in full payment of the claims.

Appeal by defendant from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1922. Reversed. Opinion filed October 25, 1922.

REARICK & MEEKS and DYER & DYER, for appellant.

O. M. JONES and C. E. RUSSELL, for appellees.

MR. JUSTICE HEARD delivered the opinion of the court.

The order herein appealed from is one entered in the circuit court of Vermilion county, in a probate

proceeding instituted in the probate court of said county and which came to said circuit court by appeal.

In the probate court five separate petitions were filed by five creditors who had filed claims and obtained probate judgments against the estate of James A. Cunningham, deceased.

Their names, the amounts of said claims and dates of allowance are as follows:

Bertha Benbow, Adm'x Emanuel Clouse, dec'd, $625.24, Apr. 4, 1910

Winfield Scott, Adm'r Wm. Scott, dec'd, $2,704.70, Dec. 16, 1910

Lloyd L. Austin, Adm'r Rachel Austin, dec'd, $936.00, March 23, 1911

Minnie Brown, sole surviving heir of Mrs. John Gerrard, dec'd, $1,056.20, Dec. 6, 1910

D. A. Smith, Adm'r A. W. Smith, dec'd, $14,930.68, Dec. 6, 1910.

These five petitions, involving practically the same questions, were by the probate court consolidated and heard as one case and a single order was entered.

During the course of administration five partial payments had been made upon their claims as follows:

May 1, 1911..............15% of original amount
July 29, 1911..............15% of original amount
March 7, 1912..............15% of original amount
January 28, 1914..........25% of original amount
March 25, 1914............20% of original amount

Upon making payment in each case the administration took receipts which specified the amount of the claim and that the payment was the particular percentage specified of the original claim.

In July, 1921, it was found that the combined assets of the estate of Cunningham, under administration in said probate court, and of the partnership of Hamilton & Cunningham, under a receivership, being administered by the circuit court of said county, would be sufficient to discharge the claims in question, which had been allowed in both courts.

Accordingly the administrator sent to each claimant a letter dated July 25, 1921, stating the status of the account, the amount originally allowed against the estate, the payment made, the remainder of principal unpaid as claimed by the administrator, the amount of interest claimed to be due to July 25, 1921, the amount of the check inclosed and that the check was in full payment of the claim.

With each letter were inclosed receipts to the receiver for the amount paid by receiver's check, and to the administrator for the amount paid by administrator's checks. The latter receipt, as printed and inclosed, contained the words "in full for." And therein were also inclosed two checks for the stated amounts, payable to claimant.

The receipts were altered by Gerrard by striking out the words indicating that the payment was accepted as in full, and then signed and returned as requested.

The checks in this case were cashed and the proceeds retained, and no tender to refund the same has ever been made.

The same state of facts exists as to the Emanuel Clouse claim.

As to the Smith, Austin and Scott claims, similar letters were sent to claimants, similar receipts and similar checks. The words *"in full for"* were erased by claimant in the receipts and the checks were not cashed, nor was any tender of a return made until the hearing in the probate court, which was on August 24, 1921.

The five petitions filed in the probate court set up that the administrator in stating the accounts of the several claims insisted on applying and did apply the whole of the payments made from time to time to the reduction of the original amount of the claim allowed and setting aside the accrued interest at the time of each of the payments without making any application

of such payments to the payment of interest, leaving such interest for the whole time unpaid, whereas such partial payments, in all instances being in excess of the interest accrued, should be first applied to the payment of interest and only the remainder of such payment applied to diminish the principal, and asking that the administrator should be ordered to compute and pay the petitioner's claim according to this rule. The circuit court granted the prayer of the petition in each case and entered the order appealed from, ordering appellant to pay claimants' further sums aggregating approximately $1,019.29 and interest.

This case does not present any questions of conflict of evidence. The questions are as to the conclusions to be drawn from the facts which were almost entirely documentary, and largely a matter of stipulation, the two questions argued being as to the right of the administrator in making the payments to elect to apply the payments upon the principal and, second, whether the rule as to accord and satisfaction applies.

The authorities are numerous and uniform that a payment of a part of a fixed and certain demand which is due and not in dispute is no satisfaction of the whole debt, even where the creditor agrees to receive a part for the whole and gives a receipt for the whole demand. This doctrine rests upon the ground that the agreement for a discharge of the entire debt is without consideration. *Ostrander v. Scott,* 161 Ill. 339; *Hayes v. Massachusetts Mut. L. Ins. Co.,* 125 Ill. 626. The rule is equally well settled that the compromise of a doubtful right when there is no actual or constructive fraud, and the parties act in good faith, is sufficient consideration to support a promise. *McKinley v. Watkins,* 13 Ill. 140; *Honeyman v. Jarvis,* 79 Ill. 318; *Adams v. Crown Coal & Tow Co.,* 198 Ill. 445.

It is contended by appellees that appellant's con-

tention of the right to make application of payments is unfounded, and therefore the rules as to accord and satisfaction cannot apply to this case. In *Farmers' Bank v. Blair,* 44 Barb. (N. Y.) 652, it was said. "In such cases it is not admissible to go behind the settlement with a view to determine which of the parties was. right. Compromises are to be encouraged because they promote peace, and where there is no fraud and the parties meet on equal terms and adjust their differences, the court will not overlook the compromise but will hold the parties concluded by the settlement."

Even where there is no question as to the facts but there is a bona fide dispute as to the law, the same rule applies. In *Janci v. Cerny,* 287 Ill. 359, it was said: "The fact that the settlement was made on the wrong basis or that the defendants in error received in the settlement amounts considerably less than they were entitled to, and the lack of information as to the legal rules which should govern settlements, are not sufficient reasons for disregarding the settlement made with full knowledge of the facts."

In *Dougherty v. Duckels,* 303 Ill. 490, it was said: "A compromise of a disputed claim made in good faith, whereby the claim is extinguished, is a sufficient consideration to support an agreement. Courts will not inquire into the merits of the claim to determine whether it could have been successfully maintained in a suit brought to enforce it. If the claim is entertained in good faith and the parties disagree as to its reasonableness or legality, its compromise affords sufficient consideration to support a promise or agreement."

In *Canton Union Coal Co. v. Parlin & Orendorff Co.,* 215 Ill. 244, the rule is laid down that if money or check is so offered as to amount to a condition that its acceptance will be in satisfaction of a disputed demand, its acceptance by the creditor will constitute

satisfaction, although he protests at the time that the amount received is not all that is due, or that he does not accept it in full satisfaction, and that in such event the creditor has no alternative except to reject the money or check and if he accepts it the acceptance includes the condition of satisfaction, although he protests to the contrary, and that the question whether the amount accepted was less than the plaintiff was entitled to receive or would have recovered in case of suit is immaterial and does not in any way affect the rule.

In *Snow v. Griesheimer,* 220 Ill. 106, it was held that acceptance by the lessor of checks marked as in full for monthly rental, although such acceptance is accompanied by a protest that the checks are not for the full amount due and that they are received on account only, there being bona fide dispute between the lessor and the lessee on that point, is binding on the lessor and precludes a recovery of the amount in dispute.  The same rule is laid down in *Ostrander v. Scott,* 161 Ill. 339; *Lapp v. Smith,* 183 Ill. 179, and *Janci v. Cerny, supra.*

It is contended by appellees that this rule does not apply for the reason that when the claims were reduced to judgment in the probate court the amounts became fixed, settled and liquidated.  While this is true, the fact that at one time the demand was a liquidated demand does not prevent the operation of the rule.  In all cases of indebtedness where the question in dispute as to the amount of the indebtedness is purely one of law and not of fact, the law fixes and settles the amount of the actual indebtedness at a certain definite sum but this, of itself, will not prevent the application of the rule of accord and satisfaction. In *Bingham v. Browning,* 197 Ill. 122, it was said: "The mere fact that the original contract was in writing is not conclusive of the question that the damages or demand was a liquidated demand.  Practically all

written obligations for the payment of money are for a specific sum or a sum that can be made specific by mere calculation, but when it comes to a demand of payment or adjustment of the debt, the obligor or payor may insist that he has paid more upon the debt than the holder has given him credit for, or is entitled to offset or counter demands, in any of which cases it could not be contended that because a specific sum was stated in the writing of one of the parties the claim was a liquidated one, and that any settlement between the parties, however fairly and understandingly made, by which a less sum was paid by the obligor in the writing than it called for, would not be a bar to the action of the holder of the writing, on the ground that the whole sum called for had not been paid.''

In the present case, when the claims were allowed the amounts to be paid were fixed and settled but the time of the application of the rule of accord and satisfaction is the time of payment or settlement and not at any time prior thereto.

It is claimed by appellees that there was not in this case a dispute in good faith; that appellant was an officer of the law; that it was his duty to carry out the order and judgment of the court, and that under that order it was his duty to pay these claims in full, including the interest calculated according to law; that any attempt on his part to settle for a lesser sum was a fraud on the rights of these claimants, and even though they accepted the checks, it would not amount to a release of the claims and does not prevent them from collecting the balance. We fail to find any evidence in the record of lack of good faith on the part of appellant. His first duty was to the estate and the fact that he has attempted to prevent appellees from obtaining more money from the estate than he believed they were entitled to is certainly no evidence of lack of good faith.

When the claims were allowed by the probate court

the amounts to be paid were fixed and settled but the time of the application of the rules of accord and satisfaction is the time of the final payment or settlement and not at any time prior thereto. When that time arrived, by reason of appellant having designated, when making them, the partial payments as payments on the principal, a bona fide dispute existed and still exists between the parties, appellees claiming it to be the rule that, in applying payments, the interest is first to be satisfied, and if the payment exceeds the interest, the balance is to be applied in diminution of the principal, and that if the payment falls short of the interest due, the balance of interest is not to be added to the principal but remains as interest to be satisfied by the next adequate payment. Appellant concedes this to be the general rule but contends that the rule is that the debtor has the primary and paramount right to direct the application of his money to such items or demands as he chooses and this applies to appropriation between principal and interest; and that the doctrine of application of payments applies to payment by administrator to creditor of decedent and each party cites reputable authority in support of their contention. *McFadden v. Fortier*, 20 Ill. 509; *Ford v. First Nat. Bank*, 201 Ill. 120; 30 Cyc. 1228; 18 Cyc. 586.

In this state of the record we are not called upon to decide as to the correctness of these contentions.

When the time came for making final payment in July, 1921, appellant applied all the prior payments made from time to time on the principal of the claims, computed the interest accordingly, and mailed out checks, as before stated, to the respective claimants for the amount of their respective claims, computed in the manner stated, and also receipts to be executed by the claimants and returned to him, acknowledging payment in full. When the claimants received these checks purporting to be in full payment, claimants

had no alternative except to reject the checks and return them to appellant or to receive them in full payment, and having failed to return the checks must be deemed to have accepted them in full payment. *Canton Union Coal Co. v. Parlin & Orendorff Co., supra.*

This order of the circuit court is therefore reversed and the petitions dismissed at the cost of appellees.

*Reversed.*