Teofil Stan, Appellee, v. William C. Regelin et al., Appellants.

Gen. No. 14,371.

ACCORD AND SATISFACTION—*when evidence tends to establish.* A check which does not contain a notation that it is in full may, upon being cashed, constitute an accord and satisfaction if it appears from the evidence that the conduct of the parties shows that it was tendered and received in full.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed March 22, 1909.

T. F. MONAHAN, for appellants.

A. G. DICUS, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

We are not satisfied that justice has been done in this cause. We think that the evidence leaves it much

in doubt whether anything more than the $137.50 which he received was ever promised to the plaintiff, Stan, as his compensation for the services which as broker he performed in securing a purchaser of the property owned by the client of the defendants, Regelin and Jenson.

It may, however, have been a question for the jury whether more than that amount was not so promised.

But when the question is of the amount, if any, over $137.50, to which the plaintiff is entitled, we think the weight of the evidence and of the reasonable probabilities which may be gathered from the evidence is altogether against the verdict and the judgment.

On this evidence a verdict can be sustained at the most for nothing more than would give the plaintiff, with what he has already received, one-half of the amount of compensation or profit or commission, whatever it may be properly called, which the defendants themselves secured from the negotiation and sale involved. We shall, for this reason, reverse the judgment and remand the cause for another trial, and we refrain from more detailed comment, therefore, on the evidence.

But there is a question involved in the case on which we must briefly comment, because it was practically ignored on the trial, and it may be controlling in another one. We do not place our reversal on the theory of law on which the question must be answered, because, although it was not mentioned in the charge of the judge, as it should have been, the defendants did not then and there object and demand that it be presented to the jury. They make a point of it in this appeal, however, and we ought to notice it.

Under the evidence as it stands, we think the payment of the check of $137.50 by the defendants to the plaintiff on November 10, 1904, the plaintiff's complaint of the size of it made November 11, 1904, through his agent and messenger, to the defendants, the conversation—not denied—in which the plaintiff's

representative was told by one of the defendants, "If you are honest and sincere in your statement that there is a misunderstanding, return that check to me and then we can talk it over", the retention of the check by the plaintiff, notwithstanding this request, the holding it, however, without cashing it for over a year (going far to show a feeling that cashing it would be an acceptance of the defendants' terms), and then on November 28, 1905, more than a year before this suit was brought, the presenting and cashing it and retaining the money—all taken together is sufficient evidence of an accord and satisfaction under the doctrine, carried in this state much farther than in many, of Ostrander v. Smith, 161 Ill. 339; Lapp v. Smith, 183 Ill. 179; and Canton Coal Company v. Parlin, etc., 215 Ill. 244.

It is true that no express notation on the check in this case, or any letter accompanying it, notified plaintiff that it was meant to be in full payment, but his conversation the next morning showed that he did so understand it, and, at all events, he was plainly enough then informed of it, and he did not realize on the check or turn it into actual cash until a year afterward, during which time it certainly appeared that he must have thought that it was a question whether he would be giving up claimed rights if he did it.

Under these circumstances, when finally he did cash the check, we think he made his choice and the accord and satisfaction were made. Perhaps if there is another trial, more attention will be paid to this particular matter and more light will be thrown on it.

But if the evidence concerning it is in no respect different, we do not think the plaintiff can properly recover anything.

The judgment of the Municipal Court of Chicago is reversed and the cause remanded to that court.

*Reversed and remanded.*