## J. W. Coey, Appellee, v. C. A. Coey & Co., Appellant.

### Gen. No. 14,587.

ACCORD AND SATISFACTION—*when payment of compromise sum effects.* If the amount due is unliquidated or there is a *bona fide* dispute as to how much is due, a payment of the amount claimed by the debtor to be due, in full settlement, if accepted by the creditor, is a satisfaction of the claim.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed upon *remittitur.* Opinion filed October 7, 1909.

BENJAMIN LEVERING, for appellant.

WILLIAM A. JENNINGS, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee brought this action in assumpsit in the Municipal Court against appellant, a corporation, and the declaration consisted of the common counts. Upon the trial plaintiff's claim was for commissions for the sale of automobiles for the defendant, in whose employ he was as a salesman from September, 1904, to

July 19, 1906. The defense was accord and satisfaction as to the claim of the plaintiff other than his claim for $175 as his commission on the sale of an automobile to McFell and a like sum as his commission on sale of another car to Mrs. Beiger.

Plaintiff had judgment for $975, $350 of which was for commissions on the McFell and Beiger sales, and $625 for commissions on the sale of other cars made prior to July 19, 1906.

The case presents two distinct questions; the one, whether the defense of accord and satisfaction was established as to all of plaintiff's claim other than his claim to commissions on the McFell and Beiger transactions; the other, whether the evidence is sufficient to sustain the recovery of commissions on said two transactions.

The contract of employment was verbal, and was made by plaintiff and C. A. Coey, his brother, the president of the defendant corporation. About July 19, 1906, a dispute arose between plaintiff and C. A. Coey, acting for and representing the defendant, as to the terms of the contract of employment and the right of the plaintiff to the commissions for which he recovered other than the commissions on the McFell and Beiger transactions.

July 19, 1906, the defendant delivered to the plaintiff a statement of the account between the parties as claimed by defendant, and with it the following letter:

"Chicago, July 19, 1906.

Mr. J. W. Coey:—

Enclosed find check to balance account to date as per statement, excepting seventy dollars, which is due on the McFell deal as soon as the Mitchell car is sold for $1,200. Also seventy dollars on the Beiger sale, which will be paid to you as soon as the car is settled for.

Undoubtedly you will raise a howl, but it will do you no good to do so. The understanding I have always had with my salesmen, as you know, is that five per cent will be paid on sales they make through their own efforts, and two per cent on all sales made to

those who come into our store, or who were encouraged through our advertising sources. The check for fifty dollars was given to your wife when she needed it. The sixty dollars is the amount deducted from the steamer deal, which you had no right to do. You were not authorized to sell this car for $1,200, as we were holding it for $1,400.

You will notice I have given you full five per cent on the Bosley, Fox, McCarthy, Conway, True, Young, Keene and O'Gara sales when, by right, you were entitled only to two per cent. This will even the matter up. Checks will be mailed to you as soon as these other sales are settled.

Inasmuch as you do not seem to take any interest in my business, in fact working against it, which is evidenced by different remarks you have made, it would be better for you to seek employment elsewhere, as a man cannot work for my interests when he gets sore when someone else sells a car. Please turn the keys for your desk over to Miss Geyer, and any adjustments you may wish to make, take up with her. Your threat to sue does not concern me in the least, and if this settlement is not satisfactory, I will reduce the commission to two per cent on those I have allowed you five per cent, which really belong to us. I am merely making you a present of this extra three per cent.                          Respectfully yours,
                                   C. A. Coey.''

With this letter the defendant enclosed a check as follows:

"No. 6517.
C. A. Coey & Co.
Automobiles.
                              Chicago, July 19, 1906.
Pay to the order of J. W. Coey $849.43.
Eight Hundred and Forty-nine 43/100 Dollars.
In full to date excepting amt due you on McFell & Beiger sale.

                         C. A. Coey & Company,
                         By C. A. Coey,
                                   Pres. & Treas.
To the First National Bank,
        Chicago, Ills.''

The statement contained a long list of items of charges against plaintiff, principally for cash, and credits for commissions conceded to plaintiff by defendant, showing a balance due plaintiff of $849.43, the amount of the check enclosed. Previous to the delivery of said letter and check to the plaintiff, he and the president of the defendant company discussed in detail the claim of the plaintiff to the commissions for which he recovered, and the defendant, through its president, protested that plaintiff was not entitled to any of said commissions other than commissions on the McFell and Beiger transactions. Plaintiff held the check some little time and then endorsed and collected it.

The amount due from the defendant to the plaintiff was unliquidated and in dispute. The defendant claimed that the plaintiff was not entitled to the commissions on sales for which he recovered, other than the McFell and Beiger transactions, on the ground that such sales were not made by the plaintiff, and also that he was, under the terms of his contract with defendant, entitled to only commissions of two per cent on certain sales, on which defendant in said statement allowed him commissions of five per cent. The check in terms purported to be in full payment except such amount as might be due plaintiff on the McFell and Beiger sales. Plaintiff was told, both verbally and in the letter enclosing the check, by defendant, that the check was offered by defendant as payment in full, with the exception of plaintiff's claim for commissions on said two transactions, and with full knowledge of the terms and conditions on which the check was offered, plaintiff accepted and collected it.

"The law is, that where the amount due a creditor is ascertained and not in dispute, the payment by the debtor and acceptance by the creditor of a less sum will not operate as a satisfaction of the demand, but if the amount due is unliquidated or there is a *bona fide* dispute as to how much is due, a payment of the amount claimed by the debtor to be due, in full set-

tlement, if accepted by the creditor, is a satisfaction of the claim. It is not necessary that the debtor shall pay more in such a case than what he admits to be due, and if a check for such sum is offered in payment of a disputed account, it must be accepted by the creditor upon the terms upon which it is offered, or must be rejected. If a check is offered under such circumstances as amount to a condition that it is to be received in full payment of · the demand, an acceptance will satisfy the demand, although the creditor protests at the time that it is not all that is due him or that he does not accept it in full satisfaction of his claim. An acceptance in such a case is an acceptance of the condition notwithstanding any protest he may make to the contrary. (Ostrander v. Scott, 161 Ill. 339; Lapp v. Smith, 183 id. 179; Canton Coal Co. v. Parlin & Orendorff Co., 215 id. 244; 1 Cyc. 229; 1 Am. & Eng. Ency. of Law—2d ed.—419.)'' Snow v. Griesheimer, 220 Ill. 106, 109.

The defense of accord and satisfaction as to all of plaintiff's claim except his claim to commissions on the McFell and Beiger transactions was, in our opinion, clearly established by the evidence.

The contract of employment of plaintiff by defendant, as has been said, was verbal, and the testimony as to its terms was conflicting. We think that on the evidence the jury might properly find that the contract was that plaintiff should receive commissions of five per cent on all contracts for the sale of automobiles negotiated by him for defendant which were accepted and approved by defendant; and this as well where it was agreed that another machine should be received in payment of a certain part of the purchase price, as where such price was to be paid wholly in money.

Plaintiff negotiated the sale of a machine to McFell for $3,500, $1,300 of which was to be paid by another car. Defendant ratified and approved the sale, delivered the new car to McFell and received the old one

from him, and we think the evidence justifies a recovery of $175 for commission on such sale.

Plaintiff also negotiated a sale of another machine to Mrs. Beiger for $3,500, which sale was ratified and approved by the defendant. Some time after the sale was so made and approved by defendant it was agreed between defendant and Mrs. Beiger that the contract of sale should be cancelled and a part of the purchase price, paid in advance, returned to her. It does not appear that the defendant in the contract of employment of the plaintiff reserved the right to cancel contracts of sale made by plaintiff after they had been accepted and approved by the defendant. In the absence of a special agreement we think that plaintiff became entitled to his commission on the Beiger sale when it was accepted and approved by the defendant, and that the subsequent cancellation of the contract by agreement between defendant and the buyer could not defeat or affect plaintiff's right to such commission.

Our conclusion from the evidence is that the plaintiff in the judgment is not entitled to recover anything beyond his commissions on the McFell and Beiger sales, amounting to $350. If within ten days J. W. Coey, plaintiff in the judgment, shall remit the sum of six hundred and twenty-five dollars, the judgment of the Municipal Court for the remainder will be affirmed; otherwise the judgment of that court will be reversed and the cause remanded.

*Affirmed on remittitur of $625; otherwise reversed and remanded.*

*Remittitur* filed October 8, 1909.