Republic I. & S. Co. v. Sturges & Burn Mfg. Co., 181 Ill. App. 304.

the proceedings in Mercer county, and paid no costs. The decree also finds that the amount claimed by Brandes "is the usual, ordinary, reasonable fee of attorneys for like services."

As to the point that the allegations of the bill do not sustain the decree, it is our opinion that the decree is based upon the allegations of the bill. It is also claimed that the decree is erroneous in that it cannot operate beyond the state in which the jurisdiction was exercised. Inspection of the decree discloses that it does not purport to operate beyond the jurisdiction of the circuit court of Cook county, Illinois. And as to the last point, which is similar to the first, we reply that no order of distribution of the estate of Stephen Bone, deceased, is made by the decree of the circuit court of Cook county.

Concluding as we do, that the criticisms of the decree are not well taken, but that the decree is in accord with justice and right, it will be affirmed.

Appellee has asked for statutory damages on the ground that this appeal has been taken solely for delay. We are of the opinion that this is the fact, and therefore we shall award to appellee as statutory damages the amount of $25, and the decree will be affirmed.

*Affirmed with statutory damages.*

---

## Republic Iron & Steel Company, Plaintiff in Error, v. Sturges & Burn Manufacturing Company, Defendant in Error.

### Gen. No. 18,290.

Accord and satisfaction—*what transaction constitutes.* An accord and satisfaction of an unliquidated account is established where the debtor's bona fide claim for damages which is presented to the creditor with a detailed statement of the account is disputed, and the creditor

with knowledge that the debtor insists on his claim cashes a check sent in settlement of the account with such claim deducted and keeps the proceeds, though such creditor demands payment of the amount deducted.

Error to the Municipal Court of Chicago; the HON. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate. Court at the March term, 1912. Affirmed. Opinion filed May 29, 1913. Rehearing denied June 12, 1913.

FYFFE, ADCOCK & RYNER, for plaintiff in error.

BULKLEY, GRAY & MORE, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

The Republic Iron & Steel Co., hereinafter called plaintiff, brought suit in the Municipal Court against the Sturges & Burn Manufacturing Co., hereinafter called defendant, to recover the sum of $506.66 with interest, claiming this amount as a balance due it for steel sold and delivered under a certain contract.

Two defenses were interposed, (1) accord and satisfaction, and (2) recoupment and set-off by way of damages for delay in the delivery of steel called for by the contract.

In the trial court a jury was waived and the case submitted to the court upon the one issue of accord and satisfaction. Upon this issue the court found in favor of the defendant, and entered the judgment which plaintiff seeks in this court to have reversed.

The facts giving rise to the litigation are as follows: A contract between the parties was made on June 18, 1909, for the purchase by the defendant and the sale by the plaintiff of a large amount of Bessemer steel and can bands. By the contract all of this steel was to be specified by the buyer prior to July 1, 1910, in about equal monthly quantities, at least thirty days before each month in which shipments were to be made.

It is claimed by the defendant that it gave the required specifications in ample time, as required by the contract, but that the plaintiff was dilatory in the matter of shipments. There was evidence tending to show that this delay on the part of the plaintiff in shipping the steel was such that the defendant was obliged, from time to time, to make small purchases at a higher price than the contract with the plaintiff called for. An itemized bill, showing damages on account of such purchases amounting to $506.66, with an explanatory letter, was sent to the plaintiff, to which plaintiff replied that it could not entertain this charge for damages. Thereupon numerous letters passed between the parties, in which the defendant insisted that it was entitled to its claim for damages, the plaintiff insisting that it would not allow such claim. After some little time defendant made up a statement of its account with the plaintiff, and credited itself with the amount of its claim for damages, to-wit $506.66, leaving a balance due to plaintiff of $1,575.78. Printed upon the face of this statement was a receipt reading as follows:

"Received of Sturges & Burn Mfg. Co. Fifteen Hundred Seventy-five and 78/100 Dollars, in settlement of above account. ($1575.78.)

"Please date, sign and return promptly.

"If not correct, return without alteration and state difference."

This statement, together with a check, was sent to plaintiff. Plaintiff, through its Chicago sales manager, called upon the defendant and demanded payment of the amount deducted, but did not return the check or statement, and six days later the plaintiff cashed the defendant's check, keeping the proceeds and retaining the statement of account. After this a number of letters passed between the parties in which the plaintiff continued to demand payment of the disputed amount, which was refused.

Republic I. & S. Co. v. Sturges & Burn Mfg. Co., 181 Ill. App. 304.

It has been repeatedly held in many cases in this state that a transaction of the kind above set forth constitutes a full accord and satisfaction. We have here an unliquidated account between the parties, and a bona fide claim on the part of the debtor, which is disputed; a presentation of that claim in the form of a detailed statement; a thorough knowledge on the part of the creditor that its debtor was insisting upon its claim; and a check sent in settlement of the account. Under such circumstances the acceptance of the check and the proceeds thereof constitutes an acceptance of all the conditions attached thereto by the sender of the check. The following cases are decisive of this point: *Snow v. Griesheimer,* 220 Ill. 106; *Canton Union Coal Co. v. Parlin & Orendorff Co.,* 215 Ill. 244; *Ostrander v. Scott,* 161 Ill. 339; *Worth Huskey Coal Co. v. Parker-Washington Co.,* 157 Ill. App. 199; *Coey v. Coey & Co.,* 150 Ill. App. 296; *Stan v. Regelin,* 147 Ill. App. 550; *Michigan Leather Co. v. Foyer,* 104 Ill. App. 268; *George W. Linn Co. v. Harris,* 118 Ill. App. 5.

It is argued by the plaintiff that the failure of the defendant in subsequent correspondence to assert that there was a full accord and satisfaction, must be construed as indicating that the check was not tendered for that purpose. We cannot assent to this claim. Defendant did not express itself with legal accuracy, but we find nothing in the correspondence indicating any disposition or intention on its part other than to consider that the account had been paid in full. We cannot construe anything subsequently done by the defendant as a waiver of its position in the matter.

Concluding as we do, that the finding of the trial court was right, the judgment will be affirmed.

*Affirmed.*