## BENEDICTUS v. SUNDSTRAND MACH. TOOL CO.

### No. 8282.

Circuit Court of Appeals, Seventh Circuit.

Oct. 30, 1943.

John Early, B. B. Early, and Albert D. Early, all of Rockford, Ill., for appellant.

C. K. Welsh, F. A. Welsh, and R. T. Welsh, all of Rockford, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

In this case the District Court dismissed plaintiff's complaint on the ground that the complaint failed to state a cause of action.

The complaint shows affirmatively the requisite jurisdictional amount and the necessary diversity of citizenship. The facts admitted to be true for the purpose of testing their sufficiency are that plaintiff was defendant's agent to sell certain milling machines in Belgium, and as such agent, on January 23, 1940 and February 13, 1940, he sold and obtained orders for said milling machines from Fabrique Nationale d'Armes de Guerre and Societe John Cockerill of Belgium, delivery to be F.O.B. New York. Payment for the machines sold to Fabrique Nationale was provided for by an irrevocable letter of credit with the Guaranty Trust Company, New York, to be drawn upon as shipments were made. These orders the defendant accepted, promised to pay plaintiff certain commissions for said orders and has paid commissions on 19 of said machines, but refused to pay the balance amounting to $18,723.19.

Defendant argues here that because of the invasion of Belgium by Germany and the proclamations and the executive orders of the President of the United States under the Neutrality Act, 22 U.S.C.A. § 441 et seq., and the National Defense Act, 50 U.S.C.A.Appendix, § 701, it became impossible and illegal to perform and make shipments under the contracts of sale.

The defense in Brevard Tannin Co. v. J. F. Mosser Co., 4 Cir., 288 F. 725, 727, was that "the performance had become impossible because of a government embargo and war conditions." In disposing of this contention Mr. Chief Justice Taft, sitting as a Circuit Justice, said: "The court charged the jury that those constituted no defense. The promise of the defendant was without exception or condition on this head. The contract was made during the war. The District Court was clearly right."

In Coey v. Coey & Co., 150 Ill.App. 296, the plaintiff sued for commissions. The court held that the subsequent cancellation of the contract could not defeat plaintiff's right to the commissions, since the contract of employment had not reserved the right to cancel contracts of sale after they had been accepted and approved by the defendant.

We think the rule is well established that a motion to dismiss a complaint because it fails to state a claim or cause of action upon which relief can be granted should not ordinarily be sustained, unless it clearly appears from the allegations of the complaint that the complaint must ultimately, upon final hearing, be dismissed.

In our case it appears that the plaintiff was hired to obtain orders for milling machines to be delivered by defendant F. O.B. New York; that the orders were secured by plaintiff and accepted by defendant; and that defendant, without any reservation so far as this record discloses, agreed to pay plaintiff certain commissions. Under such circumstances, we think the motion to dismiss should have been overruled.

The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.