THE CANTON UNION COAL COMPANY

*v.*

THE PARLIN & ORENDORFF COMPANY.

*Opinion filed April 17, 1905.*

1. ACCORD AND SATISFACTION—*when acceptance of offer satisfies demand.* If the money or check tendered is so offered as to amount to a condition that its acceptance will be in satisfaction of the demand, its acceptance by the creditor will constitute satisfaction, although he protests at the time that the amount received is not all that is due or that he does not accept it in full satisfaction.

2. SAME—*creditor has no alternative except to reject the offer or accept it.* Where the money or check is offered in full satisfaction of a disputed demand, the creditor, in the absence of a waiver of the condition by the debtor, has no alternative except to reject the offer or accept it, and if he accepts it the acceptance includes the condition of satisfaction, although he protests to the contrary.

3. SAME—*what not a waiver of condition by debtor.* That the debtor who has made an offer of a check in full satisfaction of the creditor's demand makes no formal objection to the statement of the creditor that there was still a balance due him, beyond saying that he did not owe more than the amount of the check, does not amount to a waiver of the condition of his offer that the acceptance of the check should constitute full satisfaction.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. ROBERT J. GRIER, Judge, presiding.

CHIPERFIELD & CHIPERFIELD, for appellant.

LUCIEN GRAY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant, a partnership, brought this suit in the circuit court of Fulton county in assumpsit against appellee, a corporation, and the declaration consisted of the common counts. Upon a trial plaintiff's claim was for coal sold and delivered

under a written contract dated July 3, 1902, by which plaintiff agreed to furnish to the defendant its requirements of coal (except 60,000 bushels to be purchased elsewhere) up to July 1, 1903, at certain prices stated in the contract. The defense made was under a plea of accord and satisfaction, which alleged that the defendant delivered to plaintiff, and plaintiff accepted of it, the defendant's check on the First National Bank of Canton in the sum of $470.67, in full satisfaction and discharge of the several promises and sums of money mentioned in the declaration. At the close of the evidence the court directed the jury to find for the defendant, and a verdict was returned accordingly, upon which judgment was entered. Upon appeal to the Appellate Court for the Third District the judgment was affirmed, and a further appeal was prosecuted to this court.

The facts were not in dispute, and the only question was what inferences might justifiably be drawn therefrom. If the facts necessarily led to the conclusion that there had been an accord and satisfaction there was no error in directing a verdict for the defendant, but if different conclusions as to the ultimate fact might reasonably be drawn from the facts proved, the issue should have been submitted to the jury. Plaintiff was bound by the contract to furnish defendant's requirements of coal from July 3, 1902, to July 1, 1903, with the exception above stated, and more than 10,000 tons were furnished under the contract. At various times during the period covered by the contract the defendant complained that plaintiff was not furnishing sufficient coal to meet defendant's requirements, and notified plaintiff that it had been compelled to go into the open market and buy coal at higher prices, and would hold plaintiff responsible for the losses occasioned by its default. At different times plaintiff was requested to deliver larger quantities of coal, and on January 8, 1903, defendant wrote to plaintiff that it had repeatedly written and advised that its requirements were greater than the amount being furnished; that plaintiff had replied that

it would furnish only one car per day; that defendant expected plaintiff to comply with the contract, and that the failure to do so had caused defendant to pay prices in advance of the contract price. The letter requested a delivery of two cars of coal per day, and stated that defendant would hold plaintiff responsible for loss and damage by way of cost and expense occasioned by the alleged default. Some coal was furnished after July 1, 1903, and on July 25 the defendant sent to the plaintiff a statement of the account according to defendant's claim, with what was called a credit memorandum for coal received in July, 1903, and a debit memorandum of coal claimed to have been purchased in the open market at market prices above the contract prices, amounting to $1350, which sum was charged to the plaintiff. The statement and accompanying memoranda showed a balance of $470.67 due to plaintiff, for which a check on the First National Bank of Canton, Illinois, was enclosed, pinned to the following letter:

"*Canton Union Coal Co., Town:*      "CANTON, ILL., *July 25, 1903.*

"GENTLEMEN—Enclosed please find our check on the First National Bank of Canton, No. 19,348, $470.67, in full of account, together with our statement attached. We also enclose debit memorandum for the difference between contract price and what we were obliged to pay in open market for coal purchased during the period of the contract with you, on account of your failure to supply our requirements according to such contract. You will also find enclosed credit memorandum for coal received during July for which you have furnished no invoice. Please acknowledge receipt and oblige.      "Yours truly,

PARLIN & ORENDORFF CO.,
By L. H. GILLETT, *Asst. Treas.*"

The check, with the letter and enclosures, was received by Joseph Simmons, the book-keeper for plaintiff. He put the check in plaintiff's safe and made out a statement to the defendant of its account as shown by the plaintiff's books. Upon that account he credited the check, which left a balance due, according to the statement, of $1470.09. The balance claimed on the trial was $1460.48. Simmons took the statement to defendant's office and there met U. G. Orendorff,

its secretary and treasurer. Simmons said that he had brought a statement of balance due, to which Orendorff replied that he did not owe plaintiff anything. Simmons said that he did, and laid the statement down before him, and said: "Here is the balance due July 1, and the cars and amount shipped in July, and figured at a different price than you have, which amounts to so much, and I have given you credit on account for the check received to-day for $470.67, still leaving a balance due." Handing the statement to Orendorff he further said, "Mail us a check for that." Orendorff again said that he did not owe plaintiff anything, and Simmons said, "You just keep that—it might come handy," and Orendorff replied, "I will file it," and Simmons went away leaving the statement there. Plaintiff put the check in the bank the same day and collected it.

The amount due from the defendant to the plaintiff was unliquidated and in dispute between the parties. The defendant claimed that the plaintiff had not performed its contract to furnish defendant's requirements of coal, and that it had been compelled to go into the open market and buy coal at higher prices. The plaintiff was insisting upon payment at the contract price for whatever coal had been furnished under it. In such a case, payment of a part actually due or of a less sum than was claimed by plaintiff, if given and received in satisfaction of the demand, would amount to accord and satisfaction. The question whether the amount accepted was less than the plaintiff was entitled to receive or would have recovered in case of suit is immaterial and does not in any way affect the rule. To constitute an accord and satisfaction it is necessary that the money or check, or whatever is offered, should be offered in full satisfaction of the demand, and should be offered in such a manner, or accompanied by such acts or declarations as amount to a condition that if the party to whom it is offered takes it he does so in satisfaction of his demand. If the offer is made in such a manner, and it is accepted, the acceptance will satisfy the

demand, although the creditor protests at the time that the amount received is not all that is due or that he does not accept it in full satisfaction of his claim. The creditor has no alternative except to accept what is offered with the condition upon which it is offered, or to refuse it; and if he accepts, the acceptance includes the condition, notwithstanding any protest he may make to the contrary. *Ostrander* v. *Scott,* 161 Ill. 339; *Lapp* v. *Smith,* 183 id. 179; *Bingham* v. *Browning,* 197 id. 122; *Fuller* v. *Kemp,* 138 N. Y. 231; *McDaniels* v. *Rutland Bank,* 29 Vt. 230; 1 Cyc. 329; 1 Am. & Eng. Ency. of Law, (2d ed.) 419.

In this case, the defendant sent to the plaintiff the statement of the disputed account as defendant claimed it, with memoranda of the coal received during July and of coal purchased during the period covered by the contract, with the price paid, and showing a balance of $470.67 to be due. The check was sent with the following statement: "Enclosed please find our check on the First National Bank of Canton, No. 19,348, $470.67, in full of account. * * * Please acknowledge receipt and oblige." The check was the means of obtaining payment of the balance shown by the statement, and it was clearly offered as payment in full of the balance due. If the plaintiff, upon receipt of the check, had retained it and had not done or said anything further, there would be no dispute of the proposition that it was accepted in full payment and satisfaction of the demand. Plaintiff could not have understood that it was authorized by the letter to accept the check as a part payment and credit it on the account, leaving a balance due. If taken at all it was to be taken as it was offered, as a payment in full; and this would be true although the book-keeper went to the defendant's officer and protested that the check was not for the whole amount due. This is not denied by counsel who complain of the ruling of the court, but they urge that Orendorff was informed that plaintiff had given credit on the account for the amount of the check, leaving a balance due, and did not object to the

retention of the check in that way or demand its return, and that from his conduct the jury might properly draw an inference that the condition on which the check was sent was waived.   When Simmons went to Orendorff and told him that he had brought a statement of the balance due, Orendorff merely said that he did not owe the plaintiff anything. That was before he had seen the statement, and, so far as appears, he did not then know that the check had merely been credited on the account as a part payment.   The fact that Simmons said there was a balance due would have no weight as tending to show that defendant consented to the application of the check as a part payment.   The account was unliquidated, and defendant knew that the balance had not been agreed upon.   The plaintiff could not accept so much of the offer as was favorable to it and reject the remainder without the consent of the defendant, and Orendorff's statement that it was not indebted to the plaintiff did not tend to show consent.   Afterward, when Simmons laid the statement down before Orendorff and told him that he had given credit on the account for the check, still leaving a balance due, and told Orendorff to mail him a check for it, he again said that he did not owe plaintiff anything.   We do not see how the jury could have inferred from these repeated statements of Orendorff that he waived the condition on which the check was sent, and we do not think the jury would be justified in drawing such a conclusion from them.   If the plaintiff was not willing to accept the check as sent, in full of the account and acknowledge the receipt of it as requested, it ought to have returned it.   The rule that required it to do so is neither harsh nor unjust, but it secured to the defendant the right to have its check received as offered, if received at all, unless there was a subsequent waiver of that condition.   We do not regard the evidence as tending to show such a waiver, and there was therefore no error in directing the verdict for defendant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*