## Paul Probst et al. v. George Ehrat.

### Gen. No. 13,796.

ACCORD AND SATISFACTION—*when established.* An accord and satisfaction results where it appears that a *bona fide* dispute exists between the parties and a draft has been accepted which is tendered upon the condition that if accepted it shall be received in full.

FREEMAN, J., dissenting.

Assumpsit.   Error to the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1907.   Affirmed.   Opinion filed March 20, 1908.

WILLIAM MANNHARDT, for plaintiffs in error.

MAYER, MEYER & AUSTRIAN, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In an action of *assumpsit* in the Municipal Court the defendant had judgment, to reverse which the plaintiffs prosecute this writ of error.

The defendant was engaged in business in Chicago,

and the plaintiffs were dealers in cheese at Langnau, Switzerland. June 14, 1906, the plaintiffs sold the defendant a bill of cheese amounting to 14,450.50 francs, apparently on sixty days' time. July 16, 1906, the plaintiffs, by letter, offered thirty or forty tubs of winter cheese to defendant at a certain price, and in their letter stated: "In case you want forty, cable 'accept 40.' " Defendant received this letter July 26, and immediately cabled plaintiffs "Accept 40. Await letter."

As to the effect of this letter and cablegram a controversy arose between the parties, plaintiffs contending that the acceptance was conditional because of the words, "Await letter," and that no contract for the sale of the cheese was effected, and defendant claiming that the acceptance was unconditional and that a contract of sale was thereby effected. August 9, plaintiffs wrote defendant that they did not consider themselves bound by defendant's acceptance of their offer and had sold the cheese elsewhere. August 24, on receipt of said letter, defendant cabled plaintiffs, "Insist on the delivery of 40 winter," sent them a draft for 10,000 francs to apply on the June invoice and wrote that he would send them the remainder of their said bill of 14,450.50 francs so soon as he received the forty tubs of cheese coming to him, and that if plaintiffs did not promptly send him said cheese he would buy forty tubs and deduct the difference in price. September 20, defendant wrote plaintiffs that he had bought forty tubs of cheese, and enclosed in his letter a computation of the difference in cost to him of the cheese between the price at which he claimed to have bought the same of plaintiffs, and the price paid therefor by him. This difference as stated in such computation amounted to 2,912.35 francs. The payment of 10,000 francs, with the discount of two per cent. left due from defendant 4,306 francs. The letter of September 20, concludes as follows:

Probst v. Ehrat.

"At the same time we submit computation of dif-
ference amounting to          frs.      2912.35
as well as sight draft            "        1393.65

                                  "         4306

whereby your bill of June 14th is balanced.
                           Respectfully,
            (Signed)    GEO. EHRAT & Co.
Enclosures: Computation of difference, special calcu-
lation, check for 1393.65. Vouchers for calculation of
difference we will upon request place at the disposi-
tion of the Swiss Consulate here."

October 2, plaintiffs wrote defendant as follows:
"MESSRS. GEO. EHRAT & Co.,
    Chicago.
In your favor of the 20th ultimo we received check
on Zurich for francs 1393.65, which we. place to your
credit.
                     Respectfully,
                         PROBST & Co.
                            By Flueckiger."

This check or draft was protested for lack of advice
and defendant sent plaintiffs a second draft for
amount of first draft and costs of protest, amounting
in all to francs 1408.65, on receipt of which plaintiffs
wrote defendant under date of November 9 as fol-
lows: "We are in possession of your favor of the
29th of October with the check on Zurich for 1408.65,
for which we thankfully give you credit, as per ad-
vice."

It is clear that the case stands as it would if the
first draft had been paid; it was so treated in the
trial court and will be so treated here.

In Bingham v. Browning, 197 Ill. 122, it was said,
p. 136: "Where there is a controversy and the bal-
ance due is fairly in dispute, the claim cannot be
treated as liquidated. 'In such cases,' said Bockes, J.,
in Farmers Bank of Amsterdam v. Blair, 44 Barb. 652,
'it is not admissible to go behind the settlement with a
view to determine which of the parties was right.'"

From the correspondence between the parties in this case we cannot escape the conclusion that there was an actual *bona fide* dispute between the parties, and that the draft or check for 1393.65 francs sent by defendant to the plaintiffs September 20, 1906, was offered to the plaintiffs in full satisfaction of plaintiffs' demand, in such manner, and accompanied by such declarations, as amounted to a condition that if the plaintiffs accepted the same, they did so in satisfaction of their demand.

The acceptance of the check so offered, in the opinion of the majority of the court, constituted satisfaction of the plaintiffs' demand. Canton Coal Co. v. Parlin, etc., Co., 215 Ill. 244.

Whether the plaintiffs could have held the check and reserved the right to accept or reject the same until they had examined the vouchers the defendant offered to deposit with the Swiss Consul for their inspection, it is not necessary to decide. They did not claim or seek to exercise that right, but accepted the check at once upon its receipt.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*

Mr. Justice FREEMAN dissenting.