## Thomas W. Hyatt, Appellee, v. William Alexander, Appellant.

1. ACCORD AND SATISFACTION—*when established.* If an offer is made in full settlement and it is accepted, the acceptance will satisfy the demand, although the creditor protests at the time that the amount received is not all that is due or that he does not accept it in full satisfaction of his claim.

2. APPEALS AND ERRORS—*when presumption indulged that evidence supports verdict.* If the bill of exceptions does not contain a certification that it contains all the evidence heard in the cause, the presumption will be indulged that the evidence actually heard was sufficient to support the verdict. A certification made by a reporter is not a substitute for the judge's certification.

Assumpsit. Appeal from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 28, 1910.

HICKS & DOSS, for appellant.

REED & REED, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant to recover the sum of $600 alleged to be due upon a contract of sale of certain personal property in connection with the rental of his farm by appellant to appellee. The contract price for the sale of the personal property it is agreed was $3,044.74. It is also agreed that this amount was paid in cash except the sum of $600, being the balance sued for. The cause was tried by the court without a jury, finding for appellee, judgment against appellant for $600 and costs.

Appellant refused to pay this balance, claiming that it was a part of the contract that appellee was to take the interest of appellant in some horses which were owned jointly by appellant and some of his neighbors.

At the time of the sale of this personal property and the

lease of the premises, appellant gave to appellee an envelope, which upon opening, when he arrived at his home, appellee discovered to contain two certificates of appellant's interest in the partnership horses; these certificates appellee promptly returned to appellant by mail; appellant mailed them back to appellee and they were retained in his possession until the time of trial when they were tendered back to appellant. One of the certificates given appellee was in the name of one John Heath. This certificate to Heath had never been assigned to appellant. While appellee had possession of these certificates appellant gave him a check for the amount appellant insisted was then due, being for the balance of the contract sum less $600, and which recited on its face that it was in full settlement; appellee protested against this being the full amount due but took the check and cashed it; and appellant insists the recital "in full" is conclusive upon appellee, and by taking and cashing the check he accepted the condition that it was a full settlement.

On this proposition the trial judge found against appellant.

While the rule of law contended for by appellant is correct and is sustained by the ruling in Canton Coal Co. v. Parlin Co., 215 Ill. 244, wherein the court uses this language: "If the offer is made in such a manner, and it is accepted, the acceptance will satisfy the demand, although the creditor protests at the time that the amount received is not all that is due or that he does not accept it in full satisfaction of his claim. The creditor has no alternative except to accept what is offered with the condition upon which it is offered, or to refuse it; and if he accepts, the acceptance includes the condition, notwithstanding any protest he may make to the contrary." Nevertheless we cannot disturb the finding and judgment of the trial court for the reason there is no certificate of the trial judge that the evidence contained in the bill of exceptions was all the evidence heard in this cause. There is such a certificate in the record by the reporter who transcribed the evidence, but the certificate by the reporter is not sufficient upon this question. It is the duty of the trial

judge, as a judicial act, to make this certificate and it cannot be delegated to the court reporter. Where the record does not contain a certificate by the judge that the bill of exceptions contains all the evidence, the presumption is that the finding of the court below was based on sufficient evidence. Culliner v. Nash, 76 Ill. 515; Keating v. Stebbins, 22 Ill. App. 567.

We must therefore presume in the present case that there was sufficient evidence before the court to sustain its finding that the giving and acceptance of this check did not constitute an accord and satisfaction.

*Affirmed.*