### E. B. Teague et al., Appellees, v. John E. Burns Lumber Company, Appellant.

### Gen. No. 19,283.

1. ACCORD AND SATISFACTION, § 4*—*when retention of check does not constitute.* Where a purchaser of lumber sent its check for a certain sum in payment therefor and a "contra" account for a certain sum for damages caused by an alleged delay in the shipments, in a letter stating "check enclosed herewith is tendered in full payment.  *  *  *  If incorrect, return all papers with check. If correct, please return settlement blank receipted," and the seller on receipt of the letter cashed the check and kept the money without returning settlement blank receipted but notified the purchaser at once that the check was not accepted in full, *held* on a finding that there was no bona fide dispute as to the amount of the debt; that the seller's retention of the check did not constitute an accord and satisfaction in view of section 55 of the Practice Act of 1907, J. & A. ¶ 8592.

2. ACCORD AND SATISFACTION, § 10*—*questions for jury.* In determining whether a creditor's retention of a check sent in payment of a debt constitutes an accord and satisfaction, *held* that the question whether there was a bona fide dispute as to the amount of the debt was for the jury.

Appeal from the Superior Court of Cook county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed May 25, 1914. *Certiorari* denied by Supreme Court (making opinion final).

WILLIAM G. WISE, for appellant.

TENNEY, HARDING & SHERMAN, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

A jury in the Superior Court, under certain instructions hereafter described, returned a verdict for $1,183.11 in favor of the plaintiffs in this case, E. B. Teague, H. B. Wood and J. E. Jones, against the John E. Burns Lumber Company, the defendant. From this judgment the defendant has appealed to this court, asserting in its assignment of errors and in argument that there was error in rulings on evidence and error in the instructions of the court, and that the court should have given the jury a peremptory instruction for defendant.

The alleged indebtedness sued on arose out of a sale of lumber by the Standard Lumber and Manufacturing Company of Birmingham, Alabama, to the defendant. The Standard Lumber and Manufacturing Company assigned its assets to the plaintiffs, who were continuing its business. Among these assets was the claim herein involved.

One objection made to the judgment by the appellant is that the assignment to the plaintiffs was not sufficiently proven. The circumstances and method of assignment were not given in detail, but we think in the absence of any evidence to the contrary, that which was given was sufficient to sustain the allegation properly made under oath in connection with the pleadings as required by the Practice Act.

Nor do we think there was any error or injustice in the verdict and judgment, so far as the merits of this case were involved. We think the evidence clearly enough shows that the lumber was not only furnished and accepted to the amount recovered, but also that it was shipped as promptly as the transactions and correspondence shows was finally implied if not expressly agreed to by the defendant.

The question therefore in the case is reduced to the claim made by the defendant of an accord and satisfaction, because on February 3, 1910, it sent to the plaintiffs a check for $853.94, and a "contra" account for $1,022.63 for damages caused by alleged delay in shipments contrary to the contract, in a letter which

said "check enclosed herewith is tendered in full pay-ment of invoices named in this settlement. If incorrect, return all papers with check. If correct, please return settlement blank receipted as this blank is necessary to complete our files;" and because on receipt of this letter the plaintiffs cashed the check and kept the money without returning settlement blank receipted, but instead notifying the appellant at once that the check was not accepted in full.

It is undoubtedly true that the law of this State as laid down by its highest tribunal in a long line of cases, of which *Ostrander v. Scott*, 161 Ill. 339; *Lapp v. Smith*, 183 Ill. 179; *Canton Union Coal Co. v. Parlin & Orendorff Co.*, 215 Ill. 244; and *Snow v. Griesheimer*, 220 Ill. 106, are but examples, is that where there is a bona fide dispute between a debtor and creditor as to a portion of a claim made by the creditor, and the debtor sends to the creditor payment of the sum he admits to be due, with the expressed or implied condition that it is to be accepted as payment in full or returned, there is an accord and satisfaction if the creditor retains it, and the creditor cannot thereafter recover the balance he claims to be due. This carries the doctrine of accord and satisfaction farther than the law in most other jurisdictions does. We do not think, however, that this doctrine should be carried farther than these cases render absolutely necessary, in view of the later legislative policy of this State, expressed in section 55 of the Practice Act of 1907, by which, if a plaintiff sues upon a claim of which a part only is disputed, the defendant is required involuntarily, through judgment and execution, to pay at once the part he admits to be due, while "the suit shall thereafter proceed as to the portion of the plaintiff's demand in dispute as if the suit had been brought therefor."

If the debtor can be made to pay promptly though unwillingly, by execution, the portion of the indebtedness admitted, without prejudice to the right of the

creditor to the rest, why should he not be so made to pay by the creditor by the use of a check for such admitted portion, notwithstanding his desire to have it returned?

The questions here, however, are narrower, and are only, in effect, *first*, the general one whether a jury may, as a part of their duty, properly decide whether in any particular case there is a bona fide dispute, under instructions of the court leaving that matter to them; and, *second*, whether in this particular case the evidence warranted the court in instructing for the defendant on the ground that the evidence conclusively showed a bona fide dispute and consequently an accord and satisfaction; and, *third*, whether, if this were not true, the verdict is against the clear weight of the evidence.

To the first of these questions our answer is affirmative. Although we do not find in the decisions in our own State any directly in point, we think, in reason, that the existence of *bona fides* in the dispute on the part of the debtor in such cases is a question of fact, and as such belongs to the jury to decide. It cannot be that a debtor shows such good faith merely by asserting it. Every dishonest and reluctant debtor might thus harass his creditors by saying: "Take part or nothing except at the end of a law suit."

The St. Louis Court of Appeals in Missouri, where the law of "accord and satisfaction" by the payment and acceptance of a lesser sum than that claimed seems like that of Illinois, has decided in the line of our view of the matter. *Barrett v. Kern,* 141 Mo. App. 5.

To the second and third questions our answers are in the negative. This required a review of the evidence by us, which we have given it. We see no reason to dissent from the conclusion of the jury in the matter.

The judgment of the Superior Court is affirmed.

*Affirmed.*