## J. L. Obermeyer, Plaintiff in Error, v. Wisconsin Dairy Farms Company, Defendant in Error.

### Gen. No. 22,252.

1. ACCORD AND SATISFACTION, § 1*—*what constitutes.* To constitute an accord and satisfaction there must be an honest dispute between the parties, a tender with the explicit understanding of both parties that it was in full payment of all demands, and an acceptance by the creditor with the understanding that the tender is accepted in full payment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Obermeyer v. Wisconsin Dairy Farms Co., 199 Ill. App. 568.

2.  Accord and satisfaction, § 4*—*when qualified acceptance of qualified tender does not constitute.* Where a purchaser mailed the seller a check in payment of an account, a statement of which was inclosed and at the bottom of which was written: "We hand you check in payment of the above account. Trust that the settlement is in accordance with your figures and to your entire satisfaction," *held* not such a tender as would constitute an accord and satisfaction, on the seller's cashing the check after indorsing it: "This check accepted as part payment of this account."

3.  Municipal Court of Chicago, § 29*—*when judicial notice not taken of rules of Municipal Court.* The Appellate Court will not take judicial notice of the rules of the Municipal Court.

4.  Municipal Court of Chicago, § 31*—*when judgment not entered on reversal of case on writ of error to.* The Appellate Court on reversal of a case on writ of error to the Municipal Court will not enter judgment in accordance with the rules of that court if they do not appear in the record.

Error to the Municipal Court of Chicago; the Hon. Edward T. Wade, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed June 19, 1916.

Joseph M. Connery, for plaintiff in error.

Jonas O. Hoover, for defendant in error.

Mr. Presiding Justice McSurely delivered the opinion of the court.

Plaintiff, a butter manufacturer of Jackson, Minnesota, brought suit for a balance claimed to be due on a shipment of seventy-two tubs of butter which he had made to defendant, a corporation, acting as commission merchants in Chicago. Defendant claimed accord and satisfaction, and the trial court being of the opinion that this defense was proved entered judgment for the defendant. In so holding we are of the opinion that the trial court was in error.

The transaction between the parties, which is claimed to amount to accord and satisfaction, is this: In response to a request defendant forwarded to plaintiff what purported to be a "statement of settlement,"

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which gave in columns the shipments, sales, advances for freight carriage, and expenses, showing a balance due plaintiff of $369.19. At the bottom of the statement was appended this: "We hand you check in payment of the above account. Trust that the settlement is in accordance with your figures and to your entire satisfaction." The check inclosed was received by plaintiff and paid through the bank upon which it was drawn. Upon the check plaintiff made this indorsement: "This check accepted as part payment of this account." At the same time he wrote to defendant disputing the accuracy of the statement and demanding the full amount which he claimed was due to him.

It has been held many times that to constitute an accord and satisfaction there must be an honest dispute between the parties, a tender with the explicit understanding of both parties that it was in full payment of all demands, and an acceptance by the creditor with the understanding that the tender is accepted in full payment. *Farmers & Mechanics Life Ass'n v. Caine,* 224 Ill. 606; *Snow v. Griesheimer,* 220 Ill. 109; *Western Union R. Co. v. Smith,* 75 Ill. 496. In this latter case the court said of circumstances like those in the present case that the acceptance of the money offered should not operate as an estoppel upon the plaintiff and thus preclude him from suing for and recovering any balance that might be shown to be due him.

There was no suggestion in the instant case that the acceptance of the check would be considered a settlement in full. The language, "trust that the settlement is in accordance with your figures," would indicate that plaintiff was at liberty to modify or disagree with the statement if from his own records he was of the opinion that it was not correct. There was nothing said which could be construed as binding plaintiff to the correctness of this statement if he should accept the check.

There being no accord and satisfaction, plaintiff was

entitled to produce evidence in support of his claim.

Plaintiff's counsel suggests that under the rules of the Municipal Court he is entitled to judgment here for the amount of his claim; but no rules of the Municipal Court appear in the record, and we cannot take judicial notice of them.

Plaintiff is entitled to another trial upon the merits. The judgment is reversed and the cause remanded.

*Reversed and remanded.*