## Osro Shirk, Appellee, v. The County Board of Massac County, Appellant.

1. SHERIFFS AND CONSTABLES, § 19*—*when compensation for dieting prisoners may be changed.* Under Hurd's Ill. St. ch. 75, sec. 24 (J. & A. ¶ 6739), as to jail expenses being paid from the county treasury, and chapter 53, sec. 19 (¶ 5620), as to fees of sheriffs and requiring compensation for dieting prisoners to cover cost and to be fixed by the county board, the duty of dieting prisoners is placed on the sheriff by statute, and the increase or decrease of amounts to be allowed is not within the constitutional provision prohibiting an increase or decrease of an officer's salary during his term of office.

2. APPEAL AND ERROR, § 1275*—*when presumed that food furnished by sheriff was proper and reasonable.* In an action by a sheriff against a county to recover the cost of dieting prisoners, where no question is raised at the trial as to the quantity or quality of food furnished, it will be presumed that such articles were proper, sufficient and reasonable.

3. APPEAL AND ERROR, § 450*—*when objections to evidence cannot be first raised on appeal.* In an action by a sheriff to recover for the cost of dieting prisoners, where evidence was introduced without objection as to the cost of various articles furnished, a question as to the admissibility of such evidence cannot be raised for the first time on appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. ACCORD AND SATISFACTION, § 3*—*when acceptance of sum less than due does not constitute.* Demands of a sheriff for allowances to cover the cost of dieting prisoners are not for unliquidated damages, and the acceptance of a less sum than the amount actually due only satisfied a portion of each demand equal to the amount received.

5. APPEAL AND ERROR, § 1641*—*when instruction not reversible error.* In an action by a sheriff to recover the cost of dieting prisoners, the giving of an instruction placing the burden of proof as to the actual cost of food furnished on the county board was not error when the instructions as a whole correctly presented the law.

6. ACCORD AND SATISFACTION, § 11*—*when instruction on properly modified.* In an action by a sheriff to recover the cost of dieting prisoners, an instruction offered by the defendant county board as to an accord and satisfaction resulting by payment of claims presented was properly modified by adding the qualification that the sheriff accepted the amount paid in full satisfaction, and requiring such fact to be shown by the weight of the evidence.

Appeal from the Circuit Court of Massac county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 25, 1920.

WALTER ROBERTS and FRED R. YOUNG, for appellant.

H. A. EVANS, for appellee.

MR. JUSTICE EAGLETON delivered the opinion of the court.

In the fall of 1914, Osro Shirk, the appellee, was elected to the office of sheriff of Massac county, the appellant, for a term of 4 years and assumed the office and entered upon the discharge of his duties as such officer on the 8th day of December, 1914, and continued in such office until the expiration of said term in December, 1918.

Massac county is a first-class county, and under the law the sheriff is the keeper of the county jail and custodian of all persons confined therein, and he is charged with the duty, among other duties, of serving

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

556　Appellate Courts of Illinois.

Shirk v. The County Board of Massac County, 216 Ill. App. 554.

each prisoner confined in the jail with sufficient wholesome, well-cooked food. For this service the statute provides the sheriff in counties of the first and second class shall be compensated as follows:

"The fees of sheriffs in counties of the first and second class shall be as follows:

"For dieting each prisoner, such compensation to cover the actual cost as may be fixed by the county board, but such compensation shall not be considered a part of the fees of the office." Hurd's Ill. St. ch. 53, sec. 19 (J. & A. ¶ 5620).

This compensation is to be paid in the following manner:

"The cost and expense of keeping, maintaining and furnishing the jail of each county, and of keeping and maintaining the prisoners thereof, except as otherwise provided by law, shall be paid from the county treasury, the account therefor being first settled and allowed by the county board." Hurd's Ill. St. ch. 75, sec. 24 (J. & A. ¶ 6739).

In November, 1914, the County Board of Massac county adopted a resolution fixing the compensation of the sheriff for dieting prisoners at fifty cents per day.

The appellee filed nine reports covering his term of office showing the furnishing of food equal to the total number of days covered by each report for one man. The first six of these reports each contained a claim of fifty cents per day which were approved by the county board and the various amounts claimed were paid to the appellee. In each of the last two reports the appellee made a claim for seventy-five cents per day and these reports were approved and the amounts claimed paid to the appellee. In the seventh report the appellee made a claim for seventy-five cents per day and, after some discussion with the county board, the appellee filed an amended report in which he made a claim for sixty-five cents per day, which was approved by the county board and the claim al-

lowed, and the amount thereof paid to the appellee.

On June 23, 1919, the appellee filed a claim for one dollar per day per capita for dieting prisoners during his term of office, being a total of 12,798.60 days, giving credit therein for the total amount received as above stated, and asking that a claim be allowed and paid to him for the balance. The county board refused to allow that claim and the appellee brought this suit. A declaration was filed by the appellee in which was set forth the number of meals furnished to prisoners during different intervals of time and the amounts received by the appellee thereon, and averring that the actual cost thereof was one dollar per day for each prisoner, and after allowing credit for the several amounts received by him, a cause of action had accrued against the appellant for the balance.

A demurrer was filed to this declaration by the appellee, which was overruled, and the appellant then filed a plea of nonassumpsit and a plea of accord and satisfaction, and after issues were joined the cause was tried by a jury and a verdict for $1,500 returned in favor of the appellee. After the verdict was returned the appellant entered a motion for a new trial, which was overruled, and judgment rendered against the appellant and this appeal prosecuted by it.

The appellant takes the position that the compensation of the sheriff for dieting prisoners having been fixed before the appellee went into office, it could not thereafter be changed under the constitutional inhibition against increasing or diminishing the salary of an officer during a term for which he is elected. This position cannot be sustained. This duty does not devolve on the sheriff under the constitution but is a duty placed on him by the statute. It is not a source of profit nor is it a part of his salary as such officer, neither is it to be paid him from the fees earned in his office as is his salary. He is required to furnish the food and can only be reimbursed the actual cost

thereof, and payment is to be made from the county treasury. The statute fixes no time at which the compensation is to be fixed but does provide that before payment can be made the account therefor must be "settled and allowed by the county board." While the cost of an article of food may be higher at one period of time than during another, if the sheriff only receives what he expended therefor he will not be benefited whether he paid the higher or lower price.

No question was at any time raised by the appellee as to the quantity or quality nor as to the articles of food furnished, neither are those questions now raised. Under these conditions it will be presumed that the articles furnished were proper, sufficient and reasonable.

On the trial of the case evidence was introduced to show the increase in the cost of foodstuffs during the appellee's term of office and the cost of the meals furnished by the appellee to prisoners. The evidence on this question tended to show that the actual cost per capita per day was from sixty cents to seventy-five cents in 1914 to as high as one dollar and twenty-five cents in 1917 and 1918. The evidence fairly tended to prove that the actual cost of the meals furnished by the appellee exceeded the amount received by him. In fact it is not denied by the appellant that the weight of the evidence on this question was on the side of the appellee. It is, however, argued that the appellee's testimony gave nothing definite about the quantity or cost of the various articles furnished. The appellee in his testimony named various articles furnished and stated the cost thereof. No objection was made to this testimony, and if it was objectionable it would be too late to raise the question for the first time in this court.

The defense most strongly urged, and in fact the one of greatest merit, is on the question of accord and satisfaction. It is argued that the demands of

the appellee for compensation for food were unliquidated and that, by making the several payments thereon and the acceptance thereof by the appellee, were in effect settlements and that the appellee is precluded from going behind said settlements.

It appears from the testimony of the appellee that when he made his first report to the county board he made the charge therein at fifty cents per day for the reason that was the price fixed by the county board. He also testified that he went before the county board and told them he was feeding the men at a loss and that one of the members admitted that it was worth more money and that the only reason given for not allowing more under the first six reports was that under the law they could not increase the allowance during his term of office. It is not denied by the appellant that the reason assigned was the only reason given. It does not appear in the record that the county board or any member thereof at any time made any investigation of the articles furnished by the appellee or of the cost thereof. It further appears that in the first six reports were reported meals for 11,789 days.

In support of its position the appellant cites the case of *Canton Union Coal Co. v. Parlin & Orendorff Co.*, 215 Ill. 244, wherein it was held that where damages are unliquidated and a less sum than was actually due was accepted in settlement, it would be sufficient to constitute an accord and satisfaction. This is not the rule, however, when the damages are liquidated. In the case of *Farmers' & Mechanics' Life Ass'n v. Caine*, 224 Ill. 599, in reviewing the authorities on this question, the Supreme Court held as follows:

"An acceptance by the creditor from the debtor of a less sum than the amount due in full satisfaction of the debt is a discharge only of so much of the debt as is equal in amount to the sum received. * * * The

payment of a less sum is not a satisfaction of a larger sum, even when so received, without a release by deed. * * * Nor is it essential to the right of action that the creditor should rescind the contract of settlement and return the money he has received under it before bringing suit. All that is required is that the debtor should have credit for the sum paid. * * * It is true, where there has been a compromise, in good faith, of unliquidated or disputed demands, where there is an honest difference between the parties as to the amount due, such an accord with satisfaction is binding.''

The demands by the appellee were not unliquidated. It was only a matter of computation to determine the total amount due with each report. In the case of *Kelley, Maus & Co. v. Caffrey,* 79 Ill. App. 278, the following definition of unliquidated damages is quoted with approval:

''They are such as rest in opinion only, and must be ascertained by a jury. * * * They are damages which cannot be ascertained by computation or calculation.''

In the case of *East v. Crow,* 70 Ill. 91, the Supreme Court held that items for work, labor performed, board, goods sold and delivered, money, etc., were not unliquidated damages.

Under these authorities it appears the demands of the appellee were not for unliquidated damages and that the acceptance of a less sum than the amount actually due only satisfied a portion of each demand equal to the amount received.

Complaint is made of each of the instructions given at the request of the appellee for the reason they would permit a recovery regardless of the order of the county board fixing the *per diem.* As that is the view adopted in this opinion, the instructions are not open to that objection.

The additional criticism is made to the appellee's fifth given instruction that it placed the burden of prov-

ing the actual cost of the foods furnished on the appellant. The appellant's first given instruction informed the jury that the burden was on the appellee to prove the actual cost of the food furnished, and the appellee's fifth instruction told them that the burden of proving the payment of said sum was on the appellant. Under the rule that instructions should be considered as a series and if when so considered they correctly present the law, they are not open to criticism, the instruction under consideration is not open to the criticism made.

It is next objected that the seventh instruction given for the appellee is open to the additional objection that it is argumentative. The first part of that instruction might well have been omitted, but it is not of such a nature as would warrant a reversal of the case.

It is next urged that the court erred in modifying certain instructions offered by appellant. These instructions, as offered, told the jury, in substance, that if the appellee filed a claim for an amount which was allowed and paid in satisfaction of the claim, an accord and satisfaction would result. They were modified by the qualification that the appellee accepted said amount in full satisfaction, and to one of these instructions was added that this must be shown by the weight of the evidence. Under the most favorable view of the position taken by the appellant these modifications were proper.

Lastly it is urged the court erred in refusing two instructions offered by the appellant. These instructions were squarely against the holdings of this opinion and no error was committed in refusing them.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*