## Employment Counsel, Inc., Appellee, v. John Szarek, Appellant.

### Gen. No. 45,931.

Opinion filed April 22, 1953. Released for publication June 3, 1953.

GEORGE T. BOGERT, of Chicago, for appellant.

JAMES B. EGAN, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action on an employment service contract, with judgment confessed for plaintiff in amount of $352.50. On defendant's motion the judgment was opened and trial by the court without a jury resulted in a confirmation of the judgment. Defendant has appealed.

Defendant signed a contract with plaintiff under which he bound himself to pay it a fee should he obtain employment directly or indirectly through its service. Plaintiff sent defendant to the Guardian Electric Manufacturing Company, called Company herein, and shortly afterwards that Company employed him. Plaintiff sent him a bill for $800, which the schedule in the contract indicates was 10% of an annual salary of $8,000. The Company on October 29, 1951 sent plaintiff a check for $500. The check was endorsed and cashed by plaintiff. That amount was credited to defendant on the contract. The judgment against him represents the balance plus attorney's fees and costs.

The trial consisted of testimony for defendant only, in support of his theory that the acceptance of the Company's check by plaintiff was an accord and satisfaction which released him from liability. At the close of the testimony plaintiff moved for finding in its favor. The court sustained the motion and the original judgment was accordingly confirmed.

██ ██ The appeal presents the question of law: whether there is any evidence to prove the defense of accord and satisfaction. In answering the question we shall take as true the evidence favorable to defendant, drawing the legal inferences most strongly in his favor.

██ The accord and satisfaction pleaded by the defendant is an affirmative defense; (par. 167(4), chap. 110, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.043, subd. (4)]) the burden of proving which rested on the defendant. 1 C. J. S. 558.

██ The testimony for defendant is that the Company agreed to pay whatever employment service fee charged him; that the Company telephoned plaintiff and said it would "give you $500"; that the check was prepared with the statement on the back that it was in full payment of plaintiff's claim against defendant; that the check was endorsed by plaintiff, paid and can-

celled; and that when returned to the Company the statement on the back had been crossed out. We think that is sufficient to establish accord and satisfaction *prima facie.*

■ If plaintiff was not willing to accept the check as sent, in full payment of the account, it ought to have returned it. The rule would be otherwise with reference to defendant against whom plaintiff had a liquidated claim. *Hennecke v. Warp,* 347 Ill. App. 425. It must be kept in mind that the Company is a third party and not a debtor. If, therefore, there is evidence in the record tending to prove that the plaintiff accepted the Company's check in full satisfaction of plaintiff's claim against defendant, the affirmative defense of accord and satisfaction has been proved *prima facie. Bealkowski v. Powers,* 310 Ill. App. 662. Restatement of the Law of Contracts, § 421 (1932).

What transpired between the company official and plaintiff with respect to the telephone conversation on plaintiff's claim against defendant is a matter of rebuttal. The same is true of plaintiff's acceptance and endorsement of the check and whether it crossed off the statement on the back of the check.

■ Plaintiff complains about defendant arguing in this court as though the statement on the back of the check was in evidence. It claims that the trial court admitted in evidence only the body of the check and that the court could not have done otherwise since the statement was not authenticated and thus not qualified for admission. The company official testified that he signed the check which had been prepared for his signature in the regular course of business; that when he signed it, it was in the same condition as at the trial except for the "perforations and cancellations" and the lines drawn through the statement. We think this was sufficient authentication and that the statement was admissible in support of the defendant's affirma-

204

tive defense. Wigmore On Evidence, §§ 2128–2131 (3rd ed., 1940).

For the reasons given the judgment is reversed and the cause remanded with directions to proceed in a manner consistent with this opinion.

*Reversed and remanded with directions.*

Lewe, P. J. and Feinberg, J., concur.